UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GORDON NOONAN and
NANCY NOONAN,
Plaintiffs

v.

NEW WHARF TAVERN, INC.,
Defendant

C. A. No. CA 05 150 S

# COMPLAINT

## PARTIES AND JURISDICTION

1. Plaintiff Gordon Noonan was, at all times material herein, a citizen of the State of Florida and resided at 2150 South Ocean Beach, Del Ray Beach, Florida.

2. Plaintiff Nancy Noonan was, at all times material herein, a citizen of the State of Florida and resided at 2150 South Ocean Beach, Del Ray Beach, Florida.

3. Defendant New Wharf Tavern Inc., its employees and agents (hereinafter, collectively referred to as "New Wharf Tavern, Inc." or "Defendant"), upon information and belief, was, at all times material herein, a corporation duly organized under Rhode Island law with its principal place of business located at 215 Water Street, Warren, Rhode Island and was duly authorized to transact business, and did transact business, in the State of Rhode Island and was the operator of the restaurant The New Wharf Tavern located at 215 Water Street, Warren, Rhode Island (hereinafter, the "Premises").

4. This Court has jurisdiction over this action pursuant to 28 U. S. C. §1332, and the amount in controversy exceeds the statutory threshold necessary for this Court's jurisdiction, exclusive of interest and costs.

## COUNT I

## CLAIM OF THE PLAINTIFF, GORDON NOONAN, AGAINST THE DEFENDANT, NEW WHARF TAVERN, INC. FOR PERSONAL INJURIES PREDICATED UPON NEGLIGENCE

5. Pursuant to Fed. R. Civ. P. 10 (c), Plaintiffs repeat and incorporate by reference their allegations in paragraphs 1 through 4 of this Complaint as if fully set forth herein.

CD

6. On or about October 18, 2003, Plaintiff Gordon Noonan was descending the stairs located in the interior of the Premises and fell to the bottom of the stairs where he experienced loss of consciousness.

7. Defendant owed the Plaintiff Gordon Noonan a duty of reasonable care to maintain the Premises in a reasonably safe condition free from dangerous and/or defective conditions and to warn the Plaintiff Gordon Noonan of any dangerous and/or defective condition on the Premises.

8. At all times material herein, Plaintiff Gordon Noonan was in the exercise of due care.

9. Defendant breached the aforementioned duties by failing to maintain the Premises in a reasonably safe condition free from dangerous and/or defective conditions and failing to warn the Plaintiff Gordon Noonan of any dangerous and/or defective condition on the Premises.

10. As a direct and proximate result of the aforementioned negligence of the Defendant, Plaintiff Gordon Noonan suffered personal injuries to his body and anguish of mind; incurred and will incur medical expenses; lost and will lose earnings; and will incur further pain and suffering.

WHEREFORE, Plaintiff Gordon Noonan demands judgment against the Defendant New Wharf Tavern, Inc. in an amount sufficient to compensate him for his aforementioned injuries, plus interest and costs of suit, and such other and further relief as this Court might deem fair and just.

COUNT II

CLAIM OF THE PLAINTIFF, GORDON NOONAN, AGAINST THE DEFENDANT, NEW WHARF TAVERN, INC. FOR PERSONAL INJURIES PREDICATED UPON NEGLIGENT SERVICE OF LIQUOR, PURSUANT TO R.I. GEN. LAWS §3-14-6

11. Pursuant to Fed. R. Civ. P. 10 (c), Plaintiffs repeat and incorporate by reference their allegations in paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. Plaintiff Gordon Noonan is a proper plaintiff in this action pursuant to R.I. Gen. Laws §3-14-4.

13. Defendant is a proper defendant in this action pursuant to R.I. Gen. Laws §3-14-5.

14. On or about October 18, 2003, Defendant served liquor to the Plaintiff Gordon Noonan, who was visibly intoxicated.

15. Pursuant to R.I. Gen. Laws §3-14-6, Defendant owed the Plaintiff Gordon Noonan a duty to operate its business with reasonable care for the safety of the Plaintiff Gordon Noonan and all other persons who come onto the Premises.

16. At all times material herein, Plaintiff Gordon Noonan was in the exercise of due care.

17. Pursuant to R.I. Gen. Laws §3-14-6, Defendant breached the aforementioned duty of reasonable care by negligently serving liquor to the Plaintiff Gordon Noonan when Defendant knew, or a reasonable and prudent person in similar circumstances would know, that the Plaintiff Gordon Noonan was visibly intoxicated when the Defendant served the Plaintiff Gordon Noonan.

18. As a direct and proximate result of the aforementioned negligent service of liquor by the Defendant to the Plaintiff Gordon Noonan, Plaintiff Gordon Noonan suffered personal injuries to his body and anguish of mind; incurred and will incur medical expenses; lost and will lose earnings; and will incur further pain and suffering.

19. Pursuant to R.I. Gen. Laws §3-14-6, Defendant is liable for Plaintiff Gordon Noonan's aforementioned damages.

WHEREFORE, Plaintiff Gordon Noonan demands judgment against the Defendant New Wharf Tavern, Inc. in an amount sufficient to compensate him for his aforementioned injuries, plus interest and costs of suit, and such other and further relief as this Court might deem fair and just.

COUNT III

CLAIM OF THE PLAINTIFF, GORDON NOONAN, AGAINST THE DEFENDANT, NEW WHARF TAVERN, INC. FOR PERSONAL INJURIES PREDICATED UPON RECKLESS SERVICE OF LIQUOR, PURSUANT TO R.I. GEN. LAWS §3-14-7

20. Pursuant to Fed. R. Civ. P. 10 (c), Plaintiffs repeat and incorporate by reference their allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Plaintiff Gordon Noonan is a proper plaintiff in this action pursuant to R.I. Gen. Laws §3-14-4.

22. Defendant is a proper defendant in this action pursuant to R.I. Gen. Laws §3-14-5.

23. On or about October 18, 2003, Defendant served liquor to the Plaintiff Gordon Noonan, who was visibly intoxicated.

24. Pursuant to R.I. Gen. Laws §3-14-7, Defendant owed the Plaintiff Gordon Noonan a duty to operate its business with reasonable care for the safety of the Plaintiff Gordon Noonan and all other persons who come onto the Premises.

25. At all times material herein, Plaintiff Gordon Noonan was in the exercise of due care.

26. Pursuant to R.I. Gen. Laws §3-14-7, Defendant breached the aforementioned duty of reasonable care by intentionally and recklessly serving liquor to the Plaintiff Gordon Noonan when Defendant knew that Plaintiff Gordon Noonan was visibly intoxicated, and Defendant consciously disregarded an obvious and substantial risk that serving liquor to the Plaintiff Gordon Noonan will cause physical harm to the Plaintiff Gordon Noonan or to others.

27. As a direct and proximate result of the aforementioned reckless service of liquor by the Defendant to the Plaintiff Gordon Noonan, Plaintiff Gordon Noonan suffered personal injuries to his body and anguish of mind; incurred and will incur medical expenses; lost and will lose earnings; and will incur further pain and suffering.

28. Pursuant to R.I. Gen. Laws §3-14-7, Defendant is liable for Plaintiff Gordon Noonan's aforementioned damages.

WHEREFORE, Plaintiff Gordon Noonan demands judgment against the Defendant New Wharf Tavern, Inc. in an amount sufficient to compensate him for his aforementioned injuries, plus punitive damages, interest and costs of suit, and such other and further relief as this Court might deem fair and just.

COUNT IV

CLAIM OF THE PLAINTIFF, NANCY NOONAN, AGAINST THE DEFENDANT, NEW WHARF TAVERN, INC. FOR PERSONAL INJURIES PREDICATED UPON LOSS OF CONSORTIUM, PURSUANT TO R.I. GEN. LAWS §9-1-41

29. Pursuant to Fed. R. Civ. P. 10 (c), Plaintiffs repeat and incorporate by reference their allegations in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. Plaintiff Nancy Noonan was, at all times material herein, the wife of Plaintiff Gordon Noonan.

31. As a direct and proximate result of the aforementioned negligence of the Defendant, Plaintiff Nancy Noonan suffered injury to her marital relationship with the Plaintiff Gordon Noonan in the nature of loss of consortium, society and companionship.

32. Pursuant to R.I. Gen. Laws §9-1-41, Defendant is liable for Plaintiff Nancy Noonan's aforementioned damages.

WHEREFORE, Plaintiff Nancy Noonan demands judgment against the Defendant New Wharf Tavern, Inc. in an amount sufficient to compensate her for her aforementioned injuries, plus punitive damages, interest and costs of suit, and such other and further relief as this Court might deem fair and just.

Plaintiffs hereby claim their right to trial by jury on all Counts and designate Paul E. Phillips, Esquire and Frank C. Corso, Esquire as trial counsel.

Plaintiffs,
GORDON NOONAN and
NANCY NOONAN,
By their attorneys,

PHILLIPS & D'ALOISIO

Paul E. Phillips, Esquire (5094)
91 Friendship Street, Fourth Floor
Providence, Rhode Island 02903
(401) 453-5900
(401) 453-5903 facsimile

and

LAW OFFICE OF
FRANK C. CORSO

(#5094)

for

Frank C. Corso, Esquire
Massachusetts BBO No. 545552
15 Court Square, Suite 240
Boston, Massachusetts 02108
(617) 227-0011
(617) 723-2032 facsimile
*Pending Admission Pro Hac Vice*

Dated: 4/12/, 2005