UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GORDON NOONAN and
NANCY NOONAN,
Plaintiffs

v. C. A. No. 05-150S

NEW WHARF TAVERN, INC.,
Defendant

PLAINTIFFS' ASSENTED MOTION TO AMEND PRETRIAL ORDER ISSUED ON AUGUST 31, 2005 AS TO ENLARGEMENT OF FACT DISCOVERY CLOSURE

Plaintiffs, with the assent of the Defendant New Wharf Tavern, Inc., hereby move this Honorable Court to amend the Pretrial Order issued on August 31, 2005 in the above-captioned case to permit the parties to enlarge the closure of fact discovery from the current date of December 15, 2005 to March 15, 2006. In support thereof, Plaintiffs rely upon the accompanying Memorandum.

Plaintiffs,
GORDON NOONAN and
NANCY NOONAN,
By their attorneys,

PHILLIPS & D'ALOISIO

Paul E. Phillips, Esquire (5094)
91 Friendship Street, Fourth Floor
Providence, Rhode Island 02903
(401) 453-5900
(401) 453-5903 facsimile

and

LAW OFFICE OF FRANK C. CORSO

Frank C. Corso, Esquire
Massachusetts BBO No. 545552
15 Court Square, Suite 240
Boston, Massachusetts 02108
(617) 227-0011
(617) 723-2032 facsimile

CERTIFICATION

I, the undersigned, hereby certify that I forwarded a copy of this document via facsimile transmission on this 7th day of December 2005 to:

Mark P. Dolan, Esquire *(401-421-7218)*
RICE DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, Rhode Island 02903

David E. Maglio, Esquire *(401-831-7979)*
101 Dyer Street, Second Floor
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GORDON NOONAN and
NANCY NOONAN,
Plaintiffs

v. C. A. No. 05-150S

NEW WHARF TAVERN, INC.,
Defendant

MEMORANDUM IN SUPPORT OF PLAINTIFFS' ASSENTED MOTION TO AMEND PRETRIAL ORDER ISSUED ON AUGUST 31, 2005 AS TO ENLARGEMENT OF FACT DISCOVERY CLOSURE

Plaintiffs, with the assent of the Defendant New Wharf Tavern, Inc., hereby move this Honorable Court to amend the Pretrial Order issued on August 31, 2005 in the above-captioned case to permit the parties to enlarge the closure of fact discovery from the current date of December 15, 2005 to March 15, 2006. Pursuant to this Court's Pretrial Order issued on August 31, 2005, fact discovery will close on December 15, 2005. As grounds for this Motion, Plaintiffs state the following facts and circumstances.

By way of background, Plaintiff Gordon Noonan has filed a complaint alleging negligence and negligent and/or reckless service of liquor of and by the Defendant. Plaintiff Gordon Noonan's injuries have rendered him a quadriplegic with extreme cognitive and communicative difficulties. As such, the testimony of fact witnesses is crucial to the maintenance of this action.

A. Discovery Has Revealed a Multitude of Previously Unknown Witnesses.

Thusfar, the depositions of four fact witnesses have been taken. Also, on November 2, 2005, Defendant produced a bill for food and alcohol which was presented

to one of the deponents, Guy Henry, who was in charge of the event which the Plaintiff Gordon Noonan attended at the Defendant's restaurant. That bill revealed that at least thirty people attended the function with the Plaintiff Gordon Noonan. Mr. Henry produced a list of probable attendees and their addresses numbering about the same as discerned from the bill. These witnesses must be contacted to discover if any are able to testify about the incident.

Two recent depositions taken on November 28 and 29, 2005 of Michael Asciola and Erica Pacheco, former employees of the Defendant, revealed that a Gail Garvin was the banquet manager at the event and has knowledge of the incident. Moreover, both deponents testified that Plaintiff Gordon Noonan was accompanied by two persons moments before the fall. Ms. Garvin and the aforementioned two persons must be noticed for depositions. Also, deposition testimony has yielded that a longtime waitress at the New Wharf Tavern knew the Plaintiff Gordon Noonan and had a discussion with him before the incident. At this time, the only information known about her is that her name might be "Zalia". Her deposition will be informative as to the condition of the Plaintiff Gordon Noonan that evening.

Given Plaintiff Gordon Noonan's extreme cognitive and communicative difficulties, the depositions of the above-described witnesses are crucial to the maintenance of this action. Wherefore, Plaintiffs, with the assent of the Defendant, request that fact discovery close on March 15, 2006 and that this Court's Pretrial Order issued on August 31, 2005 be amended to reflect such enlargement.

B. Unavailabilty of Witnesses

Benjamin Lord has been identified in the Police Report and in Defendant's answers to interrogatories as a person who witnessed the incident. Mr. Lord, upon information and belief, was the manager of the New Wharf Tavern at the time of the incident. All addresses for him investigated by the Plaintiff as well as the one provided by the Defendant have been incorrect. Deposition testimony has indicated that he may be in New Hampshire or Maine. His whereabouts needs to be further investigated.

Defendants have provided the name and address of a Stephanie Waterman Zinno, another witness to the incident. Ms. Waterman Zinno resides in Florida. Another witness named by the Plaintiffs is Stuart Eddy, who also resides in Florida. Since there are now four depositions to take place in Florida, further scheduling is necessary so that all may be taken as economically and efficiently as possible. Wherefore, Plaintiffs, with the assent of the Defendant, request that fact discovery close on March 15, 2006 and that this Court's Pretrial Order issued on August 31, 2005 be amended to reflect such enlargement.

C. Proposed Amendment to the Pretrial Order issued on August 31, 2005

Wherefore, Plaintiffs, with the assent of the Defendant New Wharf Tavern, Inc., move this Honorable Court to amend the Pretrial Order issued on August 31, 2005 to enlarge Fact Discovery Closure to March 15, 2006 and to reflect the requested enlargement in the following manner in pertinent part as to the affected dates subsequent to March 15, 2006:

As to paragraph 2 of the Pretrial Order: Expert Discovery Disclosures. Plaintiffs will make their expert witness disclosures and reports, as required by Fed R. Civ. P. 26(a)

(2), by **April 14, 2006**. Defendant will make its expert witness disclosures and reports, as required by Fed. R. Civ. P. 26 (a) (2), by **May 15, 2006** . . . . All depositions are to be completed by **June 14, 2006**. Expert discovery will close on **June 14, 2006**.

As to paragraph 3 of the Pretrial Order: Dispositive Motions. Dispositive Motions will be filed by **June 14, 2006** . . . .

As to paragraph 4 of the Pretrial Order: Pretrial Memoranda Counsel will present by **30 days after a decision on any dispositive motions, or if no dispositive motions are filed, by July 14, 2006**, typewritten memorandum which shall contain the following information . . . .

Wherefore, Plaintiffs, with the assent of the Defendant New Wharf Tavern, Inc., move this Honorable Court to amend the Pretrial Order issued on August 31, 2005 to enlarge Fact Discovery Closure to March 15, 2006 and to reflect the requested enlargement in the above-described manner, in pertinent part as to the affected dates subsequent to March 15, 2006.

Plaintiffs,
GORDON NOONAN and
NANCY NOONAN,
By their attorneys,

PHILLIPS & D'ALOISIO

Paul E. Phillips, Esquire (5094)
91 Friendship Street, Fourth Floor
Providence, Rhode Island 02903
(401) 453-5900
(401) 453-5903 facsimile

and

LAW OFFICE OF FRANK C. CORSO

Frank C. Corso, Esquire
Massachusetts BBO No. 545552
15 Court Square, Suite 240
Boston, Massachusetts 02108
(617) 227-0011
(617) 723-2032 facsimile

CERTIFICATION

I, the undersigned, hereby certify that I forwarded a copy of this document via facsimile transmission on this 7th day of December, 2005 to:

Mark P. Dolan, Esquire *(401-421-7218)*
RICE DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, Rhode Island 02903

David E. Maglio, Esquire *(401-831-7979)*
101 Dyer Street, Second Floor
Providence, RI 02903