UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GORDON NOONAN and
NANCY NOONAN,
Plaintiffs

C. A. No. 05-150S

NEW WHARF TAVERN, INC.,
Defendant

PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs hereby object to Defendant's Motion for Summary Judgment. As grounds therefor, Plaintiffs rely upon the accompanying Memorandum in Opposition to Defendant's Motion for Summary Judgment.

Plaintiffs,
GORDON NOONAN and
NANCY NOONAN,
By their attorneys,

PHILLIPS & D'ALOISIO

/s/Paul E. Phillips

Paul E. Phillips, Esquire (5094)
91 Friendship Street, Fourth Floor
Providence, Rhode Island 02903
(401) 453-5900
(401) 453-5903 facsimile

and

LAW OFFICE OF FRANK C. CORSO

/s/Frank C. Corso

Frank C. Corso, Esquire
Massachusetts BBO No. 545552
15 Court Square, Suite 240
Boston, Massachusetts 02108
(617) 227-0011
(617) 723-2032 facsimile
*Admitted Pro Hac Vice*

CERTIFICATION

I, the undersigned, hereby certify that I forwarded a copy of this document via electronic filing on this 29th day of September, 2006 to:

Mark P. Dolan, Esquire
RICE DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, Rhode Island 02903

David E. Maglio, Esquire
101 Dyer Street, Second Floor
Providence, RI 02903

/s/Paul E. Phillips, Esq. (5094)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GORDON NOONAN and
NANCY NOONAN,
Plaintiffs

C. A. No. 05-150S

NEW WHARF TAVERN, INC.,
Defendant

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I. INTRODUCTION:

Plaintiffs hereby submit their Memorandum in Opposition to Defendant's Motion for Summary Judgment. Plaintiffs herein merge and incorporate by reference their Statement of Disputed and Undisputed Facts (hereinafter, "Pltfs' Statement") and the Exhibits attached thereto. Defendant has filed its Motion for Summary Judgment against the Plaintiffs wherein it moves for judgment in its favor as a matter of law on all counts of Plaintiffs' Complaint, pursuant to Fed. R. Civ.P. 56(c).

In the Complaint, Plaintiff Gordon Noonan (hereinafter, "Plaintiff") has alleged three counts against the Defendant. The first count alleges negligence in that Defendant breached its duty of reasonable care for the safety of all persons reasonably expected to be upon its premises. *Tantimonico v. Allendale Mut. Ins. Co.*, 637 A.2d 1056, 1058-59 (R.I. 1994) (quoting *Mariorenzi v. DiPonte, Inc.*, 333 A.2d 127, 133 (1975)). Plaintiff alleges that the stairs presented an unreasonably safe condition free from dangerous and/or defective conditions and that Defendant failed to warn the Plaintiff of any dangerous and/or defective condition on the premises.

In the alternative, Plaintiff, in counts two and three respectively, alleges negligent and reckless service of liquor by the Defendant to the Plaintiff, pursuant to R.I. Gen. Laws §3-14-6 and 7.

In count four, Plaintiff Nancy Noonan (hereinafter, "Ms. Noonan") alleges personal injuries against the Defendant for loss of consortium pursuant to R.I. Gen. Laws §9-1-41.

Defendant moves for summary judgment on Plaintiff's first count in the Complaint on the grounds that the Rhode Island State Building Code, R.I. Gen. Laws §23-27.3-100.0 *et seq*. (hereinafter, the "Building Code"), does not apply. (*See* Defendant's Memorandum in Support of Defendant New Wharf Tavern, Inc.'s Motion for Summary Judgment (hereinafter, "Def.'s Mem.") at 9.) Defendant moves for summary judgment on Plaintiff's second count in the Complaint on the basis that the Defendant did not know or should not have known that Plaintiff was visibly intoxicated. (*See* Def.'s Mem. at 14.) Defendant moves for summary judgment on Plaintiff's third count on the same grounds of no visible intoxication and that the Defendant's was not a gross deviation from the reasonable person standard. (*See* Def.'s Mem. at 15.) Defendant moves for summary judgment on Ms. Noonan's fourth count on the basis that her claim is derivative and dependent on the success of Plaintiff's claims. (*See* Def.'s Mem. at 16.)

This Memorandum will show that genuine issues of material fact abound in this case which preclude Defendant from entitlement to a judgment in its favor as a matter of law. Fed. R. Civ.P. 56(c).

## II. FACTUAL BACKGROUND:

On the evening of October 17, 2003, Plaintiff attended a meeting of the Royal Order of Jesters held at the Defendant's restaurant, the New Wharf Tavern. Plaintiff was a member of this organization. The meeting was held upstairs in the banquet room at the restaurant and began with a cocktail hour at approximately 6:15 p.m. (*See Ex. 16*.)[1] Plaintiff arrived in time for the cocktail hour with his friend, and fellow member, Stuart Eddy. Their wives dropped them off and would come back to drive Plaintiff and Mr. Eddy home. (*See Ex. 15* at 28, ll. 2-10.)

After the cocktail hour, the members ate dinner. Throughout the cocktail hour and dinner, and until the end of the evening, Defendant provided the members with an open bar. (*See Ex. 16*.)

Plaintiff and Mr. Eddy ate and drank alcohol at the meeting and began to leave the meeting together sometime around 9:30 p.m. As Plaintiff was descending the main stairway, he lost his balance when the handrailing he was using ended near the middle of the stairway. (*See Ex. 3* at 44, ll. 1-15.) Plaintiff fell to the bottom of the stairway and lay unconscious. After the Town of Warren Ambulance failed to revive him, the rescue personnel transported him to Rhode Island Hospital. Plaintiff was diagnosed with a high cervical fracture resulting in quadriplegia as a result of the fall. Upon admission, Plaintiff's blood sample revealed a concentration of 246mg/dl alcohol in blood serum. (*See* ¶4 of Pltf.'s Statement.)

[1] All Exhibits are the same as those attached to Pltfs'. Statement.

III. ARGUMENT:

A. Summary Judgment Standard Of Review

In *Crawford v. Cooper/T. Smith Stevedoring Co., Inc.*, 14 F. Supp.2d 202, 208 (R.I. 1998) this Honorable Court illustrated the standard of review on summary judgment. This Court stated that Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on such motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.*

Therefore, the critical inquiry is whether a genuine issue of material fact exists. Material facts are those "that might affect the outcome of the suit under the governing law." *Id.* (quoting *Morrissey v. Boston Five Cents Sav. Bank*, 54 F.3d 27, 31 (1st Cir. 1995)) (citations omitted). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non moving party." *Id*. On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. *Crawford*, 14 F. Supp.2d at 208 (quoting *Continental Casualty Co. v. Canadian Universal Ins. Co.*, 924 F.2d 370, 373, (1st Cir. 1991)).

At the summary judgment stage, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood." *Crawford*, 14 F. Supp.2d at 208 (quoting *Greenburg v. Puerto Rico*

*Maritime Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987)). Similarly, "[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem most plausible, or because the opponent is unlikely to prevail at trial." *Crawford*, 14 F. Supp.2d at 208 (quoting *Gannon v. Narragansett Elec. Co.*, 777 F. Supp. 167, 169 (D.R.I. 1991)).

B. Whether Defendant Breached Its Duty to the Plaintiff in Count One of the Complaint is a Question of Fact, Which Must Preclude Summary Judgment.

Under Rhode Island law, whether a defendant breached its duty to a plaintiff is a question of fact which must go to a jury. *See Terry v. Central Auto Radiators, Inc.*, 732 A.2d 713, 718, (R.I. 1999) ("Whether [defendant's] inaction amounted to a breach of the duty owed to [plaintiff] was a question of fact[,] which should have been put to the trial jury."); *Splendorio v. Bilray Demolition Co.*, 682 A.2d 461, 467, (R.I. 1996) ("Ordinarily the determination of proximate cause . . . is a question of fact that should not be decided by summary judgment.").

In this case, Defendant asks this Court to dismiss Count One of the Complaint on the basis that the Building Code does not apply to the stairway, and, therefore, Defendant did not breach its duty of reasonable care. (*See* Def.'s Mem at 8.) Not only is this basis contrary to *Terry and Spledorio*, *supra*, but it is contrary to *Kurczy v. St. Joseph Veterans Assoc, Inc.*, 820 A.2d 929 (R.I. 2003), the very case Defendant cites for its argument.

In *Kurczy*, the Rhode Island Supreme Court affirmed the trial court's denial of defendant's motion for judgment as a matter of law. In affirming the trial court, the Supreme Court noted that the defendant argued that it was error for the trial justice to instruct the jury that the absence of a gate and of warning signs concerning the stairwell could be considered evidence of negligence, pointing out that no statute or code provision

required defendant to install or maintain these safety features on its premises. *Kurczy*, 820 A.2d at 947. The Court agreed with the defendant that it would have been erroneous for the trial justice to charge the jury that defendant's failure to maintain a gate or warning signs on its property constituted evidence of negligence *per se*. *Id.* (comparing *Salcone v. Bottomley*, 129 A.2d 635, 637 (R.I. 1957) ("There is no question that the violation of a statute or an ordinance is not negligence *per se* but is to be *used by the trier of the facts merely as an aid in determining that issue on consideration of all the evidence.*")) (emphasis added).

However, the Court explained further that the *Kurczy* trial justice properly instructed the jury that it could consider the absence of a gate, adequate lighting, and warning signs on the premises that night, if it found those facts to be proven at trial, in determining whether defendant was, in fact, negligent. *Id.* The trial court instructed the *Kurczy* jury that they could consider whether defendant's failure to have these safety devices on its premises constituted or rose to the level of negligence, given the potentially dangerous artificial condition that an open, darkened stairwell posed to children who were attending a nighttime social event. *Id.*

In *Kurczy*, the Supreme Court held the trial court's instructions proper that "[w]hether defendant exercised reasonable care in maintaining its premises that night was *a question properly put to the jury*, and defendant's failure to install or to maintain certain safety features on the property was one factor that the jury could properly consider in making this determination." *Id.* at 948 (emphasis added).

In this case, the question of whether the Defendant violated the Building Code is a question of fact for the jury to consider. *Id.* Moreover, at this stage in the travel of this

case, whether the Building Code applies to the staircase is a genuine issue of material fact. *Crawford*, 14 F. Supp.2d at 208. Plaintiffs' experts have determined that the cost of the 1991 addition mandated that the stairs and handrail comply with the Building Code for new structures. (*See* ¶¶ 12-15, 18 and 21 of Pltfs.' Statement, and Exibits attached thereto.) Defendant's experts opine that the restaurant is "grandfathered in", and not subject to the Building Code. (*See* Def.'s *Ex H.*) The determination of whether the Building Code applies turns on issues of the cost of the addition and the physical or replacement value of the existing building. *See* R.I. Gen. Laws §§23-27.3-106.0, 106.1 and 106.5. The determination of these issues precludes summary judgment. *Id.*

Furthermore, Defendant claims that Defendant did not know, or should not have known, of the dangerous and/or defective condition of the stairway because of certain testimony offered thusfar in the record. Defendant relies on this argument in favor of summary judgment. First, testimony of the Plaintiff and two other witnesses rebut this argument. (*See* Pltfs.' Statement at ¶¶18 and 22, with Exhibits attached thereto.)

Second, the *Kurczy* Court addressed whether some sort of a pre-incident notice to defendant concerning an allegedly dangerous artificial condition existing on the premises was an element of a cause of action in negligence. *Kurczy*, 820 A.2d at 935. The Court reiterated its previous holdings that "actual notice is not always a condition precedent to liability in these situations." *Id.* (citing *Tancrelle v. Friendly Ice Cream Corp.*, 756 A.2d 744, 752 (R.I. 2000)).

In this case, genuine issues of material fact exist with regard to Count One of the Complaint. Fed. R. Civ.P. 56(c). Therefore, this Court should deny Defendant's Motion for Summary Judgment on Count One of the Complaint.

C. Whether Defendant Breached Its Duty to the Plaintiff in Count Two of the Complaint is a Question of Fact, Which Must Preclude Summary Judgment.

Count Two of Plaintiff's Complaint brings a cause of action pursuant to R.I. Gen. Laws §3-14-6, the Rhode Island Liquor Liability Act (hereinafter, sometimes referred to as the "Act"). This section provides "a defendant . . . who negligently serves liquor to a visibly intoxicated individual is liable for damages proximately caused by the individual's consumption of the liquor." R.I. Gen. Laws §3-14-6(b). "Visibly intoxicated" means a state of intoxication accompanied by a perceptible act or series of acts presenting an apparent sign or signs of intoxication." R.I. Gen. Laws §3-14-6(i).

Defendant moves this Court to grant it summary judgment on the grounds that Plaintiff was not visibly intoxicated. (*See* Def.'s Mem. at 14.) In *Huntley v. East Greenwich Veteran Firemen's Assoc.*, 725 A.2d 885, 886 (R.I. 1998), the Rhode Island Supreme Court opined "a motion for summary judgment in respect to the club and the bartender would rise or fall on the evidence of proximate cause that would be based upon findings concerning defendant's negligence as well as his alleged visible intoxication. We conclude that these constitute issues of fact that could not be resolved on summary judgment."

In this case, upon admission to Rhode Island Hospital, Plaintiff's blood sample revealed a concentration of 246mg/dl alcohol in blood serum. (*See* ¶4 of Pltfs.' Statement.) Such concentration equates to a blood alcohol concentration (BAC) of approximately 0.214%, or 2.7 times the 0.08% level at which, in Rhode Island, one is deemed to be under the influence of alcohol when driving a motor vehicle. (*See id.*) Plaintiff's expert has opined that Plaintiff was visibly intoxicated. (*See Ex. 4.*) Two

witnesses have testified that Plaintiff was visibly intoxicated. (*See* ¶24 of Pltfs.' Statement and Exhibits attached thereto.)

Also, in this case, Defendant cites *Embrey v. Ortiz*, 538 A.2d 1002 (R.I. 1988) for the proposition that Defendant should not be liable for Plaintiff's damages. (*See* Def.'s Mem. at 12.) The opinion in *Embrey* concerned the version of the Rhode Island Liquor Liability Act which was repealed in 1986 and replaced in 1987. *Embrey*, 538 A.2d at 1006 n.2. The cause of action in this case relies upon the current version of the Act, which no longer contains language requiring the server's knowledge or constructive knowledge of intoxication, as did the former Act. The current version of the Act only requires that "service of liquor . . . to an intoxicated individual is negligent if the defendant knows, *or if a reasonable and prudent person in similar circumstances would know* that the individual being served . . . is visibly intoxicated." R.I. Gen. Laws §3-14-6(c)(emphasis added); *cf. Embrey*, 538 A.2d at 1006 n.2.

More importantly, genuine issues of material fact are in dispute as to Plaintiff's intoxication. Fed. R. Civ.P. 56(c). Those issues preclude summary judgment for the Defendant.

D. Whether Defendant Breached Its Duty to the Plaintiff in Count Three of the Complaint is a Question of Fact, Which Must Preclude Summary Judgment.

Count Three of Plaintiff's Complaint brings a cause of action pursuant to R.I. Gen. Laws §3-14-7. Pursuant to R.I. Gen. Laws §3-14-8(b), punitive damages may be awarded to the Plaintiff for actions based upon reckless service of liquor in R.I. Gen. Laws §3-14-7(c), or negligent service of liquor in R.I. Gen. Laws §3-14-6(c).

R.I. Gen. Laws §3-14-7 provides in pertinent part "[a] defendant . . . who recklessly serves liquor to a visibly intoxicated individual is liable for damages

proximately caused by that individual's consumption of the liquor." R.I. Gen. Laws §3-14-7(b). R.I. Gen. Laws §3-14-7(c)(1) provides "[s]ervice of liquor is reckless if a defendant intentionally serves liquor to an individual when the server knows that the individual being served . . . is visibly intoxicated, and the server consciously disregards an obvious and substantial risk that serving liquor to that individual will cause physical harm to the drinker or others."

R.I. Gen. Laws §3-14-7(c)(2) provides in pertinent part "the disregard of the risk, when viewed in light of the nature and purpose of the server's conduct and the circumstances known to him or her, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation."

R.I. Gen. Laws §3-14-7(d) provides in pertinent part "[s]pecific serving practices that are admissible as evidence of reckless conduct include, *but are not limited to*, the following: (1) Active encouragement of intoxicated individuals to consume substantial amounts of liquor . . . ." (emphasis added)

In this case, Defendant, as part of its policy, actively encouraged patrons to drink alcohol. (*See* ¶27 of Pltfs.' Statement with Exhibit.) Defendant argues that Plaintiff was not visibly intoxicated in support of dismissing Count Three on summary judgment. (See Def.'s Mem. at 15.) As stated above, the issues surrounding Plaintiff's intoxication and Defendant's negligence must be determined by a jury. Moreover, Mr. Noonan's blood sample revealed a concentration of 246mg/dl alcohol in blood serum. Such concentration equates to a blood alcohol concentration (BAC) of approximately 0.214%, or 2.7 times the 0.08% level at which, in Rhode Island, one is deemed to be under the influence of alcohol when driving a motor vehicle. (*See* ¶4 of Pltfs.' Statement.) Such an excessive

consumption demonstrates "a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation." R.I. Gen. Laws §3-14-7(c)(2).

Whether Defendant's service of liquor to the Plaintiff was reckless is a genuine issue of material fact which should be considered by the jury. Fed. R. Civ.P. 56(c). Therefore, Defendant's Motion for Summary Judgment should be denied.

E. Ms. Noonan's Loss of Consortium Claim, Pursuant to R.I. Gen. Laws §9-1-41, Must Survive Summary Judgment.

Plaintiffs do not dispute that Ms. Noonan's loss of consortium claim is dependent upon the survival of Plaintiff's counts in the Complaint. For all of the reasons stated herein that Defendant's Motion for Summary Judgment should be denied as to Counts One, Two and Three of the Complaint, so too should it be denied with respect to Count Four of the Complaint.

IV. CONCLUSION:

For the aforementioned reasons, Defendant's Motion for Summary Judgment on Counts One through Four of Plaintiffs' Complaint should be denied.

Plaintiffs,
GORDON NOONAN and
NANCY NOONAN,
By their attorneys,

PHILLIPS & D'ALOISIO

/s/Paul E. Phillips

Paul E. Phillips, Esquire (5094)
91 Friendship Street, Fourth Floor
Providence, Rhode Island 02903
(401) 453-5900
(401) 453-5903 facsimile

and

LAW OFFICE OF FRANK C. CORSO

/s/Frank C. Corso

_______________________________

Frank C. Corso, Esquire
Massachusetts BBO No. 545552
15 Court Square, Suite 240
Boston, Massachusetts 02108
(617) 227-0011
(617) 723-2032 facsimile
*Admitted Pro Hac Vice*

CERTIFICATION

I, the undersigned, hereby certify that I forwarded a copy of this document via electronic filing on this 29th day of September, 2006 to:

Mark P. Dolan, Esquire
RICE DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, Rhode Island 02903

David E. Maglio, Esquire
101 Dyer Street, Second Floor
Providence, RI 02903

/s/Paul E. Phillips, Esq. (5094)

_______________________________